UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID W. RIGGINS, a/k/a DAWUD HALISI MALIK, <br><br> Plaintiff, <br><br> v. <br><br> DAN PACHOLKE, TAMMY GWIN, C. WHALEY, V. JOHANSEN, STEVE RAMSEY, GREG JONES, and JOHN SCOTT, <br><br> Defendants. | No. C10-5147 BHS/KLS <br><br> ORDER DENYING MOTION FOR DEFAULT |

Before the court is Plaintiff's motion for default.  Dkt. 28.  Plaintiff contends that Defendants have failed to answer or otherwise defend within twenty days of service of the summons and complaint and are therefore, in default.  Plaintiff is incorrect and his motion will be denied.

**DISCUSSION**

Rule 55, which governs the entry of default, provides for the entry of default when a party fails to plead or otherwise defend.  Federal Rule of Civil Procedure 55.  On May 26, 2010, the court entered an Order directing service of Plaintiff's complaint. Dkt. 14.  The Order explicitly states that "[e]ach Defendant who timely returns the signed Waiver (of Service of Summons) shall have sixty (60) days after the date designated in the Notice of Lawsuit to file

ORDER - 1

and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure." *Id.,* pp. 1-2 (emphasis in original).  The Clerk mailed Waivers of Service of Summons with copies of the complaint, to Defendants Greg Jones, C. Whaley, V. Johansen (Coleman), Steve Ramsey, and John Scott, on June 7, 2010.  Dkts. 15, 16, 17, 18 and 19.  On June 15, 2010, counsel entered an appearance on behalf of all the defendants, Dan Pacholke, Tammy Gwin, C. Whaley, V. Johansen, Steve Ramsey, Greg Jones, and John Scott.  Dkt. 20.  On September 9, 2010, all the Defendants filed their Answer to the Complaint.  Dkt. 27.

As noted above, the waivers of summons expressly acknowledge receipt of the complaint, waive service of the summons and Complaint, and provide that an Answer to the Complaint is due within sixty days.  The record reflects that the Defendants' Answer was not filed within sixty days.  However, the court finds that there is no danger of prejudice to Plaintiff as the length of the delay is *de minimis* and has had no impact on these judicial proceedings and that that there is no evidence that the Defendants have acted in bad faith.

Accordingly, Plaintiff's motion for default judgment (Dkt. 28) is **DENIED.**

DATED this 10th day of September, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2