UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID W. RIGGINS a/k/a DAWUD HALISI MALIK,<br><br>                   Plaintiff,<br><br>  v.<br><br>DAN PACHOLKE, TAMMY GWIN, C. WHALEY, V. JOHANSEN, STEVE RAMSEY, GREG JONES, and JOHN SCOTT,<br><br>                   Defendants. | No. C10-5147 BHS/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ANSWERS TO INTERROGATORIES, COMPELLING DISCOVERY, AND FOR SANCTIONS |

Before the court is Plaintiff's Motion to Strike Respondent's Answers to Interrogatories and Motion Compelling Discovery and for Sanctions. ECF No. 45. Plaintiff also moves for partial summary judgment in the same motion. *Id.* That portion of Plaintiff's motion is addressed under a separate Report and Recommendation.

## DISCUSSION

**A.     Motions to Compel**

Plaintiff asks that Defendants' answers to interrogatories and requests for admissions be stricken because the Defendants failed to sign their answers in a timely manner. Plaintiff's motion to compel based on this same complaint was denied by the court as moot as counsel for Defendants submitted the signature pages for the interrogatories. In addition, it is entirely appropriate for counsel to sign responses to requests for admission. ECF No. 48 (citing Rule

ORDER - 1

36(a)(3)).  Plaintiff now moves to strike the responses because the signature pages were submitted after the due date.  There is no evidence that Plaintiff was prejudiced by the submission of signature pages after the due date.  His motion to strike is **DENIED**.

Plaintiff also moves to compel the analysis of the drug test confirming the presence of marijuana.  ECF No. 45, p. 1.  Specifically, Plaintiff seeks production of the lab report, the name of the person conducting the test, and the date and location where the test was conducted.  *See* ECF No. 49, p. 3.  In response, Defendants provide the declaration of Assistant Attorney General Glen A. Anderson, who states as follows:

> Only one such test was conducted and it consisted of placing a sample of the marijuana into a test container containing a glass ampoule with a reaction agent, crushing the ampoule and observing the reaction.  A photograph was taken of the reaction which has been produced to Petitioner.  The test container was disposed of and there is no other evidence of test results.

ECF No. 47, p. 2.

Based on Defendants' representation that no other evidence of test results exists, the court denies Plaintiff's motion to compel.  Plaintiff is free to attack the sufficiency of the evidence produced at trial, but the court cannot compel the production of evidence that does not exist.

Plaintiff has also requested production of the infraction report dated September 18, 2009.  ECF No. 49, pp. 3-4.  Defendants' counsel represents to the court that none of the individual defendants are in possession of the report, but that he will procure and produce the report to Plaintiff.  Thus, Plaintiff's motion to compel the report is denied as moot.

**B.      Motion for Sanctions**

Federal Rule of Civil Procedure 37(b)(2)(C) provides that the court may enter a judgment of default against a party who disobeys discovery orders.  Similarly, the court retains the inherent power to impose sanctions for discovery abuses that may not technically violate the rules of

ORDER - 2

discovery. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir.1988). The choice to render such a drastic sanction rests within the discretion of the court, provided the disobedient party's non-compliance was due to willfulness, fault, or bad faith. *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir.1985).

The court finds no evidence of willfulness, fault or bad faith conduct. Plaintiff's motion for sanctions is DENIED.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to compel and for sanctions (ECF NO. 45) is **DENIED**.

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this  11th  day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3